**RYAN G. WELDON**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 3447**
**Great Falls, MT  59403**
**119 First Ave. North, Suite 300**
**Great Falls, MT  59403**
**Phone:  (406) 761-7715**
**FAX:  (406) 453-9973**
**E-mail:  Ryan.Weldon@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **GENEVA MARIE NADEAU,**  Defendant. | CR 18-82-GF-BMM  **SENTENCING MEMORANDUM** |

## INTRODUCTION

Geneva Marie Nadeau pleaded guilty to Aggravated Sexual Abuse.  PSR ¶¶ 3, 5-6.  The PSR calculated a total offense level of 41 and a criminal history category of I.  PSR ¶ 87.  The recommended guideline range is 324 to 405 months

1

of imprisonment. PSR ¶ 87. With the mandatory minimum, the guideline range is 360 to 405 months of imprisonment. PSR ¶ 87. No party has objections to the PSR.

## ARGUMENT

**Sentencing Analysis:**

Section 3553(a) of Title 18 of the United States Code contains prefatory language —"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;
- promote respect for the law;
- provide just punishment for the offense;
- afford adequate deterrence to criminal conduct;
- protect the public from further crimes of the defendant; and,
- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In addition, subsection (1) of § 3553(a) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; subsection (3) requires the Court to consider the kinds of sentences available; subsections (4), (5), and (6) require the Court to consider the sentencing

guidelines and policy statements, and to avoid unwarranted sentencing disparity; and subsection (7) requires the Court to provide restitution to victims.

**Sentencing Recommendation:**

Geneva Nadeau sexually abused and photographed a child who was approximately two years old. PSR ¶ 9. Such abuse included inserting a dildo in the child's anus. PSR ¶ 13. Worse yet, Nadeau actively engaged in chats with others, including directing one man to drug and sexually abuse his own child. PSR ¶ 21. Nadeau even discussed sexually abusing her own baby if she became pregnant. PSR ¶ 21. Nadeau had her sixth baby approximately eight months ago. PSR ¶ 21.

Nadeau learned the current conduct when she was a child. PSR ¶ 63. But such previous abuse neither excuses, nor gives her the right, to abuse others. PSR ¶ 63. Nadeau has <u>chosen</u> to now become the predator, the hands-on-offender, and a videographer of sexually abusing children. She must be punished accordingly.

The United States will file its sentencing recommendation in future pleadings with the Court.

//
//
//
//

DATED this 31st day of January, 2019.

                        KURT G. ALME
                        United States Attorney

                        */s/ Ryan G. Weldon*
                        RYAN G. WELDON
                        Assistant U.S. Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule, this certifies that the body of the attached memorandum contains 539 words, excluding the caption and certificate of compliance.

KURT G. ALME
United States Attorney

*/s/ Ryan G. Weldon*
RYAN G. WELDON
Assistant U.S. Attorney